PAQUETTE *v.* PAQUETTE.

1. APPEAL AND ERROR—DIVORCE—CHANCERY CASE—DE NOVO REVIEW.
   Since a suit for divorce is a chancery case, it is reviewed *de novo* by the Supreme Court.

2. DIVORCE—EXTREME CRUELTY—EVIDENCE.
   In wife's third suit for divorce filed within about a year and a half, claim of extreme cruelty in that defendant was said to have associated with a certain married woman, *held*, substantiated; although determination that he had not been guilty of criminal misconduct is affirmed.

3. SAME—NONSUPPORT—EVIDENCE.
   In wife's suit for divorce wherein she claimed nonsupport, and in which it appears that, after last preceding suit terminated adversely to her, defendant had refused to support her except as he had paid only $20 and had complied with orders for payment of alimony, he was guilty of nonsupport.

4. SAME—REMAND UPON REVERSAL—JURISDICTION.
  Upon awarding divorce to wife on appeal in Supreme Court, decree enters in Supreme Court but cause is remanded to lower court for further hearing as to property settlement, custody of child, and alimony.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted January 10, 1946. (Docket No. 61, Calendar No. 43,280.) Decided June 3, 1946.

Bill by Marian A. Paquette against Orville Paquette for a divorce on the grounds of extreme and repeated cruelty and nonsupport. Decree for defendant. Plaintiff appeals. Reversed and remanded.

*Alexis J. Rogoski,* for plaintiff.

*George H. Cross,* for defendant.

REID, J. Plaintiff appeals from a decree dismissing her bill of complaint for divorce.

The parties were married May 28, 1932, and there is one child of the marriage, a daughter, Rochelle, now aged 7 years. The parties first separated in 1942. Plaintiff began a suit for divorce on September 21, 1942. A reconciliation was effected. A second separation occurred April 6, 1943, and on the following day plaintiff filed her second bill of complaint for divorce. After a hearing, the second suit was decided adversely to plaintiff on September 24, 1943. Plaintiff filed this, her third bill of complaint, on April 26, 1944. Defendant filed an answer denying plaintiff's allegations of extreme cruelty and nonsupport.

This being a chancery case, we try the suit *de novo.* The question involved is whether plaintiff should be granted a divorce on the grounds of extreme cruelty and nonsupport.

Plaintiff claims that since the entry of the decree against her in the second divorce case on Septem-

ber 24, 1943, defendant has been guilty of nonsupport, and testified that immediately after the decree, defendant came to the house where the parties lived, told plaintiff the court had granted him everything, "house, furniture, daughter," told plaintiff she could stay or leave, and that he would contribute nothing to plaintiff's support and no more than necessary for the daughter's support.

Plaintiff further claims that defendant has been guilty of criminal conduct in violation of his marital vows. After a very careful consideration of all the testimony, we conclude that defendant is not guilty of such misconduct. In that particular we agree with the finding of the trial judge.

However, we find that since the decree in the last preceding suit, defendant has been associating with, visiting and appearing in public with a certain married woman, to such extent and under such circumstances that his conduct in that regard caused plaintiff to believe that defendant was unfaithful to her and was of such a nature as to amount to extreme cruelty toward plaintiff.

Defendant paid $20 toward the support of plaintiff during October, 1943, and thereafter he paid nothing except under compulsion either upon an interview with the prosecuting attorney or after being subjected to a court order for alimony. Defendant was guilty of nonsupport.

The decree appealed from is reversed. Plaintiff is awarded a decree of divorce to be entered in this court on the grounds of extreme cruelty and nonsupport. The cause is remanded to the lower court for further hearing so far as may be found necessary by that court to determine the property settlement, custody of child and alimony. Costs to plaintiff.

Butzel, C. J., and Carr, Sharpe, Boyles, North, and Starr, JJ., concurred. Bushnell, J., took no part in the decision of this case.